IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN : CIVIL ACTION
v. :
LYNNE ABRAHAM, ET AL. : NO. 09-3007

**MEMORANDUM**

BAYLSON, J.                                                                 AUGUST     , 2009

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights complaint against Philadelphia District Attorney Lynne Abraham, Pennsylvania Attorney General Tom Corbett, Judge Theodore McKee, the Commonwealth of Pennsylvania, and the City of Philadelphia, alleging numerous constitutional violations arising from his criminal conviction and sentencing. As relief, plaintiff seeks monetary damages and release from confinement.

With the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. Because it appears that he is unable to pay the cost of commencing this action, leave to proceed in forma pauperis will be granted. However, the complaint will be dismissed as legally frivolous for the reasons which follow.

I. DISCUSSION

    A.    **Standard of Review**

Section 1915(e)(2) of Title 28 of the United States Code provides that "[n]otwithstanding any filing fee, or any

1

portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### B. Rule 8 of the Federal Rules of Civil Procedure

Rule 8(a) provides, <u>inter</u> <u>alia</u>, that: "A pleading which sets forth a claim for relief . . . shall contain (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ." The complaint filed in this civil action consists of the following documents: (1) a statement of claim; (2) a memorandum of law; (3) several documents titled "affidavit" or "notice;" (4) copies of court and probation records; and (5) numerous amendments to the complaint. Based on a review of the record in this case, the Court has determined that the complaint, which is lengthy and largely incomprehensible, fails to satisfy the requirement of Rule 8(a)(2) that a pleading in which relief is sought contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Thus, plaintiff's complaint fails to state a claim on which relief may be granted.

### C. The Commonwealth of Pennsylvania

The Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. U.S.

2

Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"). There is no grant of immunity applicable to this case. Although § 1983 imposes liability upon "every person" who deprives another of a constitutional right under color of state law, the Supreme Court has held that "neither the State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, plaintiff's claim for damages against the Commonwealth of Pennsylvania is dismissed as legally frivolous.

### D. The City of Philadelphia

As a municipal entity, the City of Philadelphia is not subject to liability in a civil rights action absent a showing that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978), and that municipal practice was the cause of the injuries suffered, Bielevicz v. Dubinon, 915 F.2d 845 (3d Cir. 1990). There being no such showing in the instant case, plaintiff's claim against the City of Philadelphia is dismissed as legally frivolous.

### E. Judge Theodore McKee

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978); Mireles v.

Waco, 502 U.S. 9 (1991). Because nothing in this complaint suggests that Judge Theodore McKee, who presided over plaintiff's criminal trial, acted outside of his judicial capacity, plaintiff's claim for damages against him is dismissed as legally frivolous.

### F. District Attorney Lynne Abraham and Attorney General Tom Corbett

The doctrine of absolute immunity shields prosecutors from liability for actions related to their official duties. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). Prosecutors are absolutely immune from liability for money damages under § 1983 for acts "within the scope of [their] duties in initiating and pursuing a criminal prosecution." Id. at 410. Because nothing in this complaint suggests that the prosecutors in plaintiff's criminal case acted outside the scope of their prosecutorial duties, or that either defendant participated in or had actual knowledge of the events giving rise to plaintiff's claims, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), plaintiff's claims for damages against District Attorney Lynne Abraham and Attorney General Tom Corbett are dismissed as legally frivolous.

### G. Malicious Prosecution

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

4

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

<u>Id</u>. at 486-87 (footnotes omitted). District courts are directed to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." <u>Id</u>.

Here, plaintiff's claim that the defendants fraudulently induced him to plead guilty to criminal charges, if proven, would "necessarily imply the invalidity of his conviction or sentence." <u>Id</u>. However, because there has been no showing of an invalidated conviction or sentence, plaintiff's claim for damages arising from alleged malicious prosecution is dismissed as legally frivolous.

### H. Claim for Relief

In addition to monetary relief, plaintiff requests immediate release from confinement. However, this is a form of injunctive relief which is not available in a § 1983 civil rights action, and may be requested only by means of a habeas corpus petition. <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973).

5

## II. CONCLUSION

Section 1915e(2) of Title 28 of the United States Code authorizes the Court to dismiss "at any time" a civil action brought by a prisoner in forma pauperis. Because plaintiff has failed to advance any actionable violation of his constitutional rights, this case will be dismissed as legally frivolous at this time.

An appropriate order follows.